## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY ASPAN, SR., | ) | |
| individually and on behalf of the | ) | 08-cv-2826 |
| class defined herein, | ) | |
| | ) | Judge Hart |
| Plaintiff, | ) | Magistrate Judge Denlow |
| | ) | |
| vs. | ) | |
| | ) | |
| HUDSON & KEYSE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff has requested that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendant Hudson & Keyse, LLC. This memorandum is submitted in support of that motion.

## I.    NATURE OF THE CASE

This action seeks redress for the conduct of defendant, a debt buyer, in filing collection actions on purported debts to which it did not have lawful title.  In order to protect Illinois residents against being sued for the same debts twice, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies".  This makes applicable the licensing requirements of the ICAA and the special assignment requirements in ICAA §8b, 225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

Section 8b of the ICAA provides:

**Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from**

**and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**( i) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

**(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**

**(e) No litigation shall commence in the name of the licensee as plaintiff unless: ( i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

The assignment must be attached to the complaint.  Candice Co. v. Ricketts, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).  In addition, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . . "  735 ILCS 5/2-403(a).

Defendant Hudson & Keyse, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.  More than 100 such lawsuits have been filed.

In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f,  and ICAA §9.  Finally, plaintiff alleges that the practices described above constitutes both  unfair and deceptive acts and practices, in violation of  §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

## II.    THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors".    15 U.S.C. §1692(e).  It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338 (7th Cir. 1997); <u>Keele v. Wexler</u>, 149 F.3d 589, 594 (7th Cir. 1998); <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982); <u>McCartney v. First City Bank</u>, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

In enacting the FDCPA, Congress recognized the  --

> **universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . .  [T]he vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.**

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), <u>reprinted in</u> 1977 USCCAN 1695, 1697.

The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." <u>Avila v. Rubin</u>, 84 F.3d 222 (7th Cir. 1996); <u>Gammon v. GC Services, LP</u>, 27 F.3d 1254 (7th Cir. 1994).  The standard is an objective one  --  whether the plaintiff or any class member was misled is not an element of a cause of action.  "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." <u>Beattie v. D.M. Collections, Inc.</u>, 754 F.Supp. 383, 392 (D.Del. 1991).

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. <u>Cirkot v. Diversified Fin. Services, Inc.</u>, 839 F.Supp. 941 (D. Conn. 1993).

**The [Consumer Credit Protection] Act is remedial in nature, designed to**

> remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.

N.C. Freed Co. v. Board of Governors, 473 F.2d 1210, 1214 (2d Cir. 1973).

Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir.1997); Baker, 677 F.2d at 780-1; Woolfolk v. Van Ru Credit Corp., 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); Cacace v. Lucas, 775 F. Supp. 502 (D. Conn. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 177 (W.D.N.Y. 1988); Kuhn v. Account Control Technol., 865 F. Supp. 1443, 1450 (D.Nev. 1994); In re Scrimpsher, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982); In re Littles, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988), aff'd as modified sub nom. Crossley v. Lieberman, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. Crabill v. Trans Union, L.L.C., 259 F.3d 662, 666 (7th Cir. 2001); Baker, 677 F.2d at 780; Whatley v. Universal Collection Bureau, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981). "Congress intended the Act to be enforced primarily by consumers . . . ." FTC v. Shaffner, 626 F.2d 32, 35 (7th Cir. 1980). "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them . . . ." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." Cacace v. Lucas, 775 F. Supp. at 505. Accord, Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003); Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir.2000).

## III.    STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers.  As the court stated

in <u>Eshaghi v. Hanley Dawson Cadillac Co.</u>, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of
> consumer protection.  . . . To consumerists, the consumer class action is an
> inviting procedural device to cope with frauds causing small damages to large
> groups.  The slight loss to the individual, when aggregated in the coffers of the
> wrongdoer, results in gains which are both handsome and tempting.  The
> alternatives to the class action  -- private suits or governmental actions -- have
> been so often found wanting in controlling consumer frauds that not even the
> ardent critics of class actions seriously contend that they are truly effective. The
> consumer class action, when brought by those who have no other avenue of legal
> redress, provides restitution to the injured, and deterrence of the wrongdoer.**
> (574 N.E.2d at 764, 766)

Congress expressly recognized the propriety of a class action under the FDCPA by

providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class

action cases.  As a result, numerous FDCPA class actions have been certified.  <u>Shea v. Codilis</u>, 99

C 57, 2000 WL 336537, 2000 U.S. Dist. LEXIS 4131 (N.D. Ill. Mar. 27, 2000); <u>Roe v. Publishers</u>

<u>Clearing House</u>, 98 C 330, 1999 WL 966977, 1999 U.S. Dist. LEXIS 16249 (N.D. Ill. Sept. 30,

1999); <u>Vines v. Sands</u>, 188 F.R.D. 302 (N.D. Ill. 1999); <u>Nielsen v. Dickerson</u>, 98 C 5909, 1999 WL

350694, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 19, 1999); <u>Sledge v. Sands</u>,182 F.R.D. 255

(N.D. Ill. 1998); <u>Shaver v. Trauner</u>, C.A. 97-1309, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31,

1998); <u>Davis v. Suran</u>, 98 C 656, 1998 WL 474105, 1998 U.S. Dist. LEXIS 12233 (N.D. Ill. July

31, 1998); <u>Francisco v. Doctors & Merchants Credit Service, Inc.</u>, 98 C 716, 1998 WL 474107, 1998

U.S. Dist. LEXIS 12234 (N.D. Ill., July 29, 1998); <u>Keele v. Wexler & Wexler</u>, 95 C 3483, 1996 WL

124452,  1996 U.S. Dist. LEXIS 3253 (N.D. Ill., March 18, 1996), <u>aff'd</u>, 149 F.3d 589 (7th Cir.

1998); <u>Wells v. McDonough</u>, 97 C 3288, 1998 WL 160876, 1998 U.S. Dist. LEXIS 4441 (N.D. Ill.

Mar. 23, 1998); <u>Miller v. Wexler & Wexler</u>, 97 C 6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS

1382 (N.D. Ill. Feb. 5, 1998); <u>Wilborn  v. Dun & Bradstreet</u>, 180 F.R.D. 347  (N.D. Ill. 1998);

<u>Arango v. GC Services LP</u>, 97 C 7912, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill.

1998) (misleading collection letters); <u>Avila v Van Ru Credit Corp.</u>,94 C 3234, 1995 WL 683775,

5

1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), aff'd, Avila v. Rubin, supra, 84 F.3d 222; Carr v. Trans Union Corp., C.A. 94-22, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); Colbert v. Trans Union Corp., C.A. 93-6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. 1995) (same); Gammon v. GC Services, L.P., 162 F.R.D. 313 (N.D. Ill. 1995) (similar); Zanni v. Lippold, 119 F.R.D. 32, 35 (C.D. Ill. 1988); West v. Costen, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices and addition of unauthorized fees); Cheqnet Systems, Inc. v. Montgomery, 322 Ark. 742, 911 S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); Brewer v. Friedman, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993); Duran v. Credit Bureau of Yuma, Inc., 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

## IV.    THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### A.    Rule 23(a)(1)  --  Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive . . . ." Riordan, 113 F.R.D. at 62.   Where the class numbers at least 40, joinder is generally considered impracticable.  Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); Riordan, 113 F.R.D. 60 (10-29 sufficient); Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 463 (E.D.Pa. 1968) (25 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (about 70).  It is not necessary that the precise number of class members be known.  "A class action may proceed upon estimates as to the size of the proposed class."  In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982); Lewis

v. Gross, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).

The court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1992), §7.22.A.

For example, it is reasonable to infer that the number of class members exceeds the minimum necessary from the use by a large collection agency of a form letter. Swiggett v. Watson, 441 F. Supp. 254, 256 (D.Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, fact that Department of Motor Vehicles issued printed form for such transfer in and of itself sufficient to show that numerosity requirement was satisfied); Westcott v. Califano, 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); Carr, 1995 U.S. Dist. LEXIS 567 (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); Colbert, 1995 U.S. Dist. LEXIS 578 (same); Keele, 1996 U.S. Dist. LEXIS 3253.

Here, the volume of cases filed by defendant (Appendix A), coupled with its practice of omitting an assignment that complies with ICAA §8b, makes it reasonable to infer numerosity.

**B.      Rules 23(a)(2) and 23(b)(3) – Predominance of common questions of law or fact**

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law *or* fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.

7

These requirements are normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. Halverson v. Convenient Food Mart, Inc., 69 F.R.D. 331, 334 (N.D.Ill. 1974).  Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); accord, Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D.Ill. 1988); Carroll v. United Compuced Collections, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *43-44 (M.D.Tenn.  Nov. 15, 2002), adopted in pertinent part, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn.,  Mar. 31, 2003), aff'd, 399 F.3d 620 (6th Cir. 2005); Wahl v. Midland Credit Mgmt., 06 C 1708, 2007 U.S. Dist. LEXIS 39626, *14-15 (N.D.Ill., May 30, 2007); Smith v. Nike Retail Services, Inc., 234 F.R.D. 648, 659 (N.D.Ill. 2006).  The authorities hold that cases dealing with the legality of standardized documents or conduct are  generally appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis. Halverson, supra, 69 F.R.D. at 334-336; Haroco v. American Nat'l Bank, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper computation of interest); Kleiner v. First Nat'l Bank, 97 F.R.D. 683, 692 (N.D.Ga. 1983) (same); Heastie v. Community Bank, 125 F.R.D. 669, 675 (N.D.Ill. 1989)  (execution of home improvement financing documents in sequence that evaded consumers' rescission rights);  Carroll v. United Compuced Collections, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *47-48 (M.D.Tenn.  Nov. 15, 2002) (collection practices).

In this case, the "common nucleus of operative fact," Halverson, 69 F.R.D. at  335, is that defendant filed lawsuits against the members of the class without attaching an assignment that complies with ICAA §8b.  This conduct gives rise to the predominant common question of whether the statements complained of  violate the FDCPA, ICAA and ICFA.

The only individual issue is the identification of the class members, a matter capable of ministerial determination from defendant's records, the records of its attorneys, or court files. Questions readily answerable from defendant's files do not present an obstacle to class certification.

8

Heastie v. Community Bank, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

In any event, the Seventh Circuit has held that the need for "separate proceedings of some character . . . to determine the entitlements of the individual class members to relief" should "not defeat class treatment of the question whether defendants violated [the law]." Carnegie v. Household Int'l, Inc., 376 F.3d 656, 661 (7th Cir. 2004). "Once that question is answered, if it is answered in favor of the class, a global settlement . . . will be a natural and appropriate sequel. And if there is no settlement, that won't be the end of the world. Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues. Those solutions include (1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to class member concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class." Id.

C.    **Rule 23(a)(3) -- Typicality**

The rule requires that the claims of the named plaintiff be typical of the claims of the class:

> **A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.**

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the plaintiff.

**D.    Rule 23(a)(4) -- Adequacy of representation**

The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class.  That protection involves two factors:  (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class.  Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 247 (3d Cir. 1975); In re Alcoholic Beverages Litigation, 95 F.R.D. 321.

Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Appendix B, which sets forth counsel's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class.  Here, both plaintiff and the class members seek money damages as the result of defendant's unlawful collection practices.  Given the identity of claims between plaintiff and the class members, there is no potential for conflicting interests in this action.  There is no antagonism between the interests of the named plaintiff and those of the class.

**E.    Rule 23(b)(3)  --  Class action is superior to other available methods of resolving this controversy**

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented.  Eovaldi v. First Nat'l Bank, 57 F.R.D. 545 (N.D. Ill. 1972).  The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy.  Scholes, 143 F.R.D. at 189; Hurwitz v. R.B. Jones Corp., 76 F.R.D. 149 (W.D.Mo. 1977).  It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims

10

which might be brought by each individual debtor. The vast majority of debtors are undoubtedly unaware that their rights are being violated. In addition, persons from whom defendant is attempting to collect allegedly delinquent debts are, by definition, unlikely to be able to pay to retain counsel to protect their rights on an individual basis.

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 628-629 (E.D.Pa 1994).

Class certification will provide an efficient and appropriate resolution of the controversy. Zanni, 119 F.R.D. 32.

## V.    CONCLUSION

The proposed class meets the requirements of Rules 23(a) and (b)(3). Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21339\Pleading\P's Memo in Support of Class Cert_Pleading.wpd

12

**<u>CERTIFICATE OF SERVICE</u>**

I, Daniel A. Edelman, hereby certify that on May 20, 2008, the foregoing document was filed electronically.  A copy of the foregoing document was sent via US Mail to:

Hudson & Keyse, LLC
c/o Illinois Corporation Service Co. - Registered Agent
801 Adlai Stevenson Drive,
Springfield, IL 62703-4261

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

13

# APPENDIX A



*Dorothy Brown*

## CLERK *of the*
## CIRCUIT COURT
*Cook County*

*Division: Civil*
**Click on Case Number for Case Information Summary**

Name Search Results for: HUDSON KEYSE

| Case Number | Plaintiff | Defendant | Date Filed |
|---|---|---|---|
| 2008-M1-130215 | HUDSON KEYSE LLC | CROCKETT JEROME | 04/15/2008 |
| 2008-M1-130216 | HUDSON KEYSE LLC | SLUIS BERNARD C | 04/15/2008 |
| 2008-M1-130217 | HUDSON KEYSE LLC | STARK MARTHA K | 04/15/2008 |
| 2008-M1-130218 | HUDSON KEYSE LLC | RECHY BERNABE LOZA | 04/15/2008 |
| 2008-M1-130219 | HUDSON KEYSE LLC | CHAMBERS LARRY C | 04/15/2008 |
| 2008-M1-130220 | HUDSON KEYSE LLC | KOSIBA MALGORZAT | 04/15/2008 |
| 2008-M1-130221 | HUDSON KEYSE LLC | PERZANOWSKI MARY L | 04/15/2008 |
| 2008-M1-130222 | HUDSON KEYSE LLC | PRICHETT GARY | 04/15/2008 |
| 2008-M1-130223 | HUDSON KEYSE LLC | CAMPBELL ZEFFER S | 04/15/2008 |
| 2008-M1-130224 | HUDSON KEYSE LLC | TRADER LEMUEL SR | 04/15/2008 |
| 2008-M1-130225 | HUDSON KEYSE LLC | GRANGER DEVON N | 04/15/2008 |
| 2008-M1-130226 | HUDSON KEYSE LLC | KENNON THEAIBOLD | 04/15/2008 |
| 2008-M1-130227 | HUDSON KEYSE LLC | PARGO KIZZY KENYAT | 04/15/2008 |
| 2008-M1-130228 | HUDSON KEYSE LLC | GAITAN NICHOLAS JR | 04/15/2008 |
| 2008-M1- | HUDSON KEYSE LLC | ANDERSON AUDREY L | 04/15/2008 |

| | | | |
|---|---|---|---|
| 130229 | | | |
| 2008-M1-130230 | HUDSON KEYSE LLC | ANDERSON RUTHES JR | 04/15/2008 |
| 2008-M1-130231 | HUDSON KEYSE LLC | MAURO KATHLEEN BER | 04/15/2008 |
| 2008-M1-130232 | HUDSON KEYSE LLC | TAYLOR ERIC C | 04/15/2008 |
| 2008-M1-130233 | HUDSON KEYSE LLC | MC NUTT FRANK | 04/15/2008 |
| 2008-M1-129076 | HUDSON KEYSE LLC | PHILLIPS KEVIN J | 04/09/2008 |
| 2008-M1-125225 | HUDSON KEYSE LLC | DAVIS ORA L BROWN | 03/27/2008 |
| 2008-M1-125227 | HUDSON KEYSE LLC | MCDONOUGH ANN | 03/27/2008 |
| 2008-M1-125232 | HUDSON KEYSE LLC | GOOSBY JOHN R | 03/27/2008 |
| 2008-M1-125233 | HUDSON KEYSE LLC | CHRISTMAS WILLIAM | 03/27/2008 |
| 2008-M1-125502 | HUDSON KEYSE LLC | ALIMI RASHIDA | 03/27/2008 |
| 2008-M1-125504 | HUDSON KEYSE LLC | HOBSON LAWRENCE SR | 03/27/2008 |
| 2008-M1-125505 | HUDSON KEYSE LLC | GARIBO VINCENTE G | 03/27/2008 |
| 2008-M1-125507 | HUDSON KEYSE LLC | JOHNSON JERMANIE D | 03/27/2008 |
| 2008-M1-125508 | HUDSON KEYSE LLC | BALDETTY BAYRON SR | 03/27/2008 |
| 2008-M1-125509 | HUDSON KEYSE LLC | GOMEZ GERARDO M | 03/27/2008 |
| 2008-M1-125511 | HUDSON KEYSE LLC | HOFFMAN NATALIE M | 03/27/2008 |
| 2008-M1-125513 | HUDSON KEYSE LLC | STEWART RUSSEL C | 03/27/2008 |
| 2008-M1-125520 | HUDSON KEYSE LLC | BORK EVELYN M | 03/27/2008 |
| 2008-M1-125522 | HUDSON KEYSE LLC | SALEEM NAJMA | 03/27/2008 |
| 2008-M1-125524 | HUDSON KEYSE LLC | CANAVAN WILLIAM C | 03/27/2008 |
| 2008-M1-125527 | HUDSON KEYSE LLC | BALESH ROBERT J | 03/27/2008 |

| 2008-M1-125528 | HUDSON KEYSE LLC | ARNOLD BERTHA M | 03/27/2008 |
|---|---|---|---|
| 2008-M1-125529 | HUDSON KEYSE LLC | ORTEGA IGNACIO | 03/27/2008 |
| 2008-M1-125530 | HUDSON KEYSE KKC | TAN ROHEL B | 03/27/2008 |
| 2008-M1-125531 | HUDSON KEYSE LLC | BUSTAMANTE MELISSA | 03/27/2008 |
| 2008-M1-125532 | HUDSON KEYSE LLC | REKIN LUKASZ | 03/27/2008 |
| 2008-M1-125533 | HUDSON KEYSE LLC | BARRIOS CHARLIE A | 03/27/2008 |
| 2008-M1-125535 | HUDSON KEYSE LLC | GRAHAM DAVID D | 03/27/2008 |
| 2008-M1-124872 | HUDSON KEYSE LLC | WILCZEWSKI ARKADIU | 03/26/2008 |
| 2008-M1-124874 | HUDSON KEYSE LLC | CABRERA LUCAS | 03/26/2008 |
| 2008-M1-124875 | HUDSON KEYSE LLC | PONDEXTER CLARA W | 03/26/2008 |
| 2008-M1-124876 | HUDSON KEYSE LLC | WALLS CHRISTOPHER | 03/26/2008 |
| 2008-M1-124877 | HUDSON KEYSE LLC | PUSTELAK AMANDA M | 03/26/2008 |
| 2008-M1-124878 | HUDSON KEYSE LLC | PERRIN DANIEL R | 03/26/2008 |
| 2008-M1-124879 | HUDSON KEYSE LLC | STEPHENS RICHARD L | 03/26/2008 |
| 2008-M1-124880 | HUDSON KEYSE LLC | COOK KENNETH W | 03/26/2008 |
| 2008-M1-124881 | HUDSON KEYSE LLC | MELSON AAARON | 03/26/2008 |
| 2008-M1-124882 | HUDSON KEYSE LLC | LOVE MYISHA K | 03/26/2008 |
| 2008-M1-124883 | HUDSON KEYSE LLC | BERNAL FRED | 03/26/2008 |
| 2008-M1-124884 | HUDSON KEYSE LLC | BAHENA MARIA D | 03/26/2008 |
| 2008-M1-124885 | HUDSON KEYSE LLC | FISHER DANA | 03/26/2008 |
| 2008-M1-124886 | HUDSON KEYSE LLC | YARBROUGH BERNADET | 03/26/2008 |
| 2008-M1- | | | |

| 124887 | HUDSON KEYSE LLC | MCGEE PAULA A | 03/26/2008 |
|---|---|---|---|
| 2008-M1-124888 | HUDSON KEYSE LLC | NORAH LEONARD T | 03/26/2008 |
| 2008-M1-124889 | HUDSON KEYSE LLC | WADE SHERRION LEIG | 03/26/2008 |
| 2008-M1-125133 | HUDSON KEYSE LLC | GONZALEZ JUAN | 03/26/2008 |
| 2008-M1-125136 | HUDSON KEYSE LLC | HARRIS JAMIE L | 03/26/2008 |
| 2008-M1-125137 | HUDSON KEYSE LLC | SHIN JUNG HO | 03/26/2008 |
| 2008-M1-125139 | HUDSON KEYSE LLC | GARIEPY JOHN W | 03/26/2008 |
| 2008-M1-125141 | HUDSON KEYSE LLC | GILL TONI A | 03/26/2008 |
| 2008-M1-125142 | HUDSON KEYSE LLC | KHAN PATRICIA J | 03/26/2008 |
| 2008-M1-125143 | HUDSON KEYSE LLC | NEUMANN SUSAN K | 03/26/2008 |
| 2008-M1-125144 | HUDSON KEYSE LLC | WOODS ROBERT W JR | 03/26/2008 |
| 2008-M1-125146 | HUDSON KEYSE LLC | HERNADEZ SANTIAGO | 03/26/2008 |
| 2008-M1-125147 | HUDSON KEYSE LLC | DAVIS ROBERT E | 03/26/2008 |
| 2008-M1-125148 | HUDSON KEYSE LLC | ASPAN TIMOTHY SR | 03/26/2008 |
| 2008-M1-125149 | HUDSON KEYSE LLC | JONES ROY E | 03/26/2008 |
| 2008-M1-125151 | HUDSON KEYSE LLC | MURRAY PATRICK J | 03/26/2008 |
| 2008-M1-125152 | HUDSON KEYSE LLC | FAUSZ STEVEN R | 03/26/2008 |
| 2008-M1-125154 | HUDSON KEYSE LLC | CHANG JEONG H | 03/26/2008 |
| 2008-M1-125155 | HUDSON KEYSE LLC | CLAYTON CAROL L | 03/26/2008 |
| 2008-M1-125156 | HUDSON KEYSE LLC | GARIEPY JOHN W | 03/26/2008 |
| 2008-M1-125157 | HUDSON KEYSE LLC | RODRIGUEZ HECTOR | 03/26/2008 |
| 2008-M1-125158 | HUDSON KEYSE LLC | GLASS ROOSEVELT SR | 03/26/2008 |

| 2008-M1-125159 | HUDSON KEYSE LLC | ORTIZ DAVID | 03/26/2008 |
|---|---|---|---|
| 2008-M1-125160 | HUDSON KEYSE LLC | DAMIEN JEFF | 03/26/2008 |
| 2008-M1-125161 | HUDSON KEYSE LLC | WADAS DONALD A SR | 03/26/2008 |
| 2008-M1-125162 | HUDSON KEYSE LLC | AABURTO RAUL | 03/26/2008 |
| 2008-M1-118741 | HUDSON KEYSE LLC | ROBINSON CURTIS N | 03/04/2008 |
| 2008-M1-116236 | HUDSON KEYSE LLC | MEIER ANTHONY M | 02/27/2008 |
| 2008-M1-116273 | HUDSON KEYSE LLC | BEA JANENE N | 02/27/2008 |
| 2008-M1-112409 | HUDSON KEYSE LLC | CULLOTTA DOMINIC J | 02/19/2008 |
| 2008-M1-112410 | HUDSON KEYSE LLC | GARCIA PEDRO | 02/19/2008 |
| 2008-M1-112411 | HUDSON KEYSE LLC | MERRITTE LINDA SR | 02/19/2008 |
| 2008-M1-112412 | HUDSON KEYSE LC | NOYS SHIRLEY M | 02/19/2008 |
| 2008-M1-112413 | HUDSON KEYSE LLC | CISNEROS VICENTE | 02/19/2008 |
| 2008-M1-112414 | HUDSON KEYSE LLC | RIDLEY WALTER | 02/19/2008 |
| 2008-M1-112415 | HUDSON KEYSE LLC | JONES WILLIAM E JR | 02/19/2008 |
| 2008-M1-112416 | HUDSON KEYSE LLC | SOMBILLA ISAGANI J | 02/19/2008 |
| 2008-M1-112417 | HUDSON KEYSE LLC | ADAMS CAROL A | 02/19/2008 |
| 2008-M1-112418 | HUDSON KEYSE LLC | HARRIS JOHN T | 02/19/2008 |
| 2008-M1-112419 | HUDSON KEYSE LLC | MCCOY BERTHA | 02/19/2008 |
| 2008-M1-112420 | HUDSON KEYSE LLC | HARDAWAY JOHNNIE M | 02/19/2008 |
| 2008-M1-112421 | HUDSON KEYSE LLC | HARDAWAY JOHNNIE M | 02/19/2008 |
| 2008-M3-000371 | HUDSON & KEYSE | KOKINDA JUDY A | 02/08/2008 |
| 2008-M3- | | | |

| 000212 | HUDSON & KEYSE | GEER ANNE G | 01/16/2008 |
|---|---|---|---|
| 2008-M3-000013 | HUDSON & KEYSE | BURGOS WILLIAM | 01/02/2008 |
| 2007-M1-253185 | HUDSON KEYSE LLC | RUPSLAUK JERRY J | 12/17/2007 |
| 2007-M1-253186 | HUDSON KEYSE LLC | RAMOS JOSE JR | 12/17/2007 |
| 2007-M1-253187 | HUDSON KEYSE LLC | MITCHELL CAROLYN L | 12/17/2007 |
| 2007-M1-253191 | HUDSON KEYSE LLC | JONES VICTOR | 12/17/2007 |
| 2007-M1-253194 | HUDSON KEYSE LLC | THRASCHER JEFFREY | 12/17/2007 |
| 2007-M1-253197 | HUDSON KEYSE LLC | ABDULHAFEEZ FATEMA | 12/17/2007 |
| 2007-M1-253198 | HUDSON KEYSE LLC | FLORES LURDES SILV | 12/17/2007 |
| 2007-M1-253199 | HUDSON KEYSE LLC | ADAMS WILTON B | 12/17/2007 |
| 2007-M1-253200 | HUDSON KEYSE LLC | FREEWALT JOHN R | 12/17/2007 |
| 2007-M1-253201 | HUDSON KEYSE LLC | LEWIS BERNICE G | 12/17/2007 |
| 2007-M1-253203 | HUDSON KEYSE LLC | MORENO JOSE M | 12/17/2007 |
| 2007-M1-253204 | HUDSON KEYSE LLC | JOHNSON JAMIE M SR | 12/17/2007 |
| 2007-M1-253207 | HUDSON KEYSE LLC | KITZ MARCELLA A | 12/17/2007 |
| 2007-M1-253208 | HUDSON KEYSE LLC | OTIS ERGIE | 12/17/2007 |
| 2007-M1-253209 | HUDSON KEYSE LLC | REID ANTHONY | 12/17/2007 |
| 2007-M1-223741 | HUDSON KEYSE LLC | ROMAN DANIEL | 12/09/2007 |
| 2007-M1-217084 | HUDSON KEYSE LLC | HAYNES DONALD JR | 11/21/2007 |
| 2007-M1-217085 | HUDSON KEYSE LLC | BROWN FRANKIE | 11/21/2007 |
| 2007-M1-217086 | HUDSON KEYSE LLC | LOTT WILLA | 11/21/2007 |
| 2007-M3-003667 | HUDSON & KEYSE | VEVERKA MARTIN | 11/14/2007 |

| 2007-M1-213518 | HUDSON KEYSE LLC | KOSCIVZYK BOGDAN A | 11/13/2007 |
|---|---|---|---|
| 2007-M1-213520 | HUDSON KEYSE LLC | WANTROBA TED D | 11/13/2007 |
| 2007-M1-213521 | HUDSON KEYSE LLC | MCKENZIE KAREN A | 11/13/2007 |
| 2007-M1-213522 | HUDSON KEYSE LLC | MOORE DOROTHY WRIG | 11/13/2007 |
| 2007-M1-213523 | HUDSON KEYSE LLC | TORRES INCENCIO AN | 11/13/2007 |
| 2007-M3-003622 | HUDSON & KEYSE LLC | CICCARELLI PHILLIP | 11/08/2007 |
| 2007-M1-208677 | HUDSON KEYSE LLC | GALLEGOS JORGE A | 10/31/2007 |
| 2007-M1-208678 | HUDSON KEYSE LLC | LASKOWSKI MAREK | 10/31/2007 |
| 2007-M1-208679 | HUDSON KEYSE LLC | DIAZ EMILIO | 10/31/2007 |
| 2007-M1-208680 | HUDSON KEYSE LLC | FLORES GERARDO F R | 10/31/2007 |
| 2007-M1-208681 | HUDSON KEYSE LLC | CARRILLO EMILIO | 10/31/2007 |
| 2007-M3-003447 | HUDSON & KEYSE LLC | FORSYTH PAULA L | 10/26/2007 |
| 2007-M3-003448 | HUDSON & KEYSE LLC | BRYAN BUKOWSKI GAY | 10/26/2007 |
| 2007-M3-003396 | HUDSON & KEYSE | RASHID NASSER A | 10/23/2007 |
| 2007-M3-003393 | HUDSON & KEYSE LLC | NICKSON JENNIFER A | 10/22/2007 |
| 2007-M1-200586 | HUDSON KEYSE L L C | PERLSTEIN HAIM | 10/10/2007 |
| 2007-M1-200595 | HUDSON KEYSE L L C | UMRANI AKHTAR J JA | 10/10/2007 |
| 2007-M1-200601 | HUDSON KEYSE L L C | KADUS MINERVA | 10/10/2007 |
| 2007-M1-200839 | HUDSON KEYSE LLC | WELCHER HAROLD | 10/10/2007 |
| 2007-M1-200840 | HUDSON KEYSE LLC | LEWIS GLORIA J | 10/10/2007 |
| 2007-M1-200841 | HUDSON KEYSE LLC | WILEMAN TIMOTHY | 10/10/2007 |
| 2007-M1- | | | |

| 200842 | HUDSON KEYSE LLC | PIGMAN EDWARD M | 10/10/2007 |
|---|---|---|---|
| 2007-M1-200843 | HUDSON KEYSE LLC | ROBY ANGELA L | 10/10/2007 |
| 2007-M1-200844 | HUDSON KEYSE LLC | DY DEE SAVATH | 10/10/2007 |
| 2007-M1-200845 | HUDSON KEYSE LLC | FENDER PHYLLIS | 10/10/2007 |
| 2007-M1-200847 | HUDSON KEYSE LLC | VALDES PETRA | 10/10/2007 |
| 2007-M3-003077 | HUDSON & KEYSE LLC | MIRANDA EMERENCIAN | 09/27/2007 |
| 2007-M3-002944 | HUDSON & KEYSE | LONG ADAM B | 09/20/2007 |
| 2007-M1-191688 | HUDSON KEYSE LLC | SALGADO MARIA E | 09/14/2007 |
| 2007-M1-191689 | HUDSON KEYSE LLC | SULLIVCAN JEDFFREY | 09/14/2007 |
| 2007-M1-191690 | HUDSON KEYSE LLC | MELERO JOSE H | 09/14/2007 |
| 2007-M1-191691 | HUDSON KEYSE LLC | CHANDLER ELOISE | 09/14/2007 |
| 2007-M1-191692 | HUDSON KEYSE LLC | SEBAN JULIE A | 09/14/2007 |
| 2007-M1-191694 | HUDSON KEYSE LLC | SARLI CHRISITOPHER | 09/14/2007 |
| 2007-M1-191695 | HUDSON KEYSE LLC | GARCIA TUMBLELINA | 09/14/2007 |
| 2007-M1-191696 | HUDSON KEYSE LLC | THOMPSON SANDRA P | 09/14/2007 |
| 2007-M1-191697 | HUDSON KEYSE LLC | NICHOLS MICHAEL C | 09/14/2007 |
| 2007-M1-191700 | HUDSON KEYSE LLC | VALLE JUAN | 09/14/2007 |
| 2007-M1-191701 | HUDSON KEYSE LLC | STRAHAN RODRICK M | 09/14/2007 |
| 2007-M1-191737 | HUDSON KEYSE | WALTON TRAVIS B | 09/14/2007 |
| 2007-M1-191738 | HUDSON KEYSE | WOOTEN HAZEL COLE | 09/14/2007 |
| 2007-M1-191739 | HUDSON KEYSE | SALAZAR PETRA G | 09/14/2007 |
| 2007-M1-191740 | HUDSON KEYSE | GRALIK ROBERT | 09/14/2007 |

| 2007-M1-191743 | HUDSON KEYSE | CHAN CHI H | 09/14/2007 |
|---|---|---|---|
| 2007-M1-191748 | HUDSON KEYSE | GRAHAM LUETRICA M | 09/14/2007 |
| 2007-M1-191320 | HUDSON KEYSE LLC | VILESHINA ANNA | 09/13/2007 |
| 2007-M1-191321 | HUDSON KEYSE LLC | BOZEMAN CARRIE M | 09/13/2007 |
| 2007-M3-002521 | HUDSON & KEYSE | CABALLERO RICARDO | 08/27/2007 |
| 2007-M3-002489 | HUDSON & KEYSE | KUSTUDICK LAURNE D | 08/21/2007 |
| 2007-M1-182174 | HUDSON KEYSE LLC | WELLS JOHNNIE B | 08/17/2007 |
| 2007-M1-182175 | HUDSON KEYSE LLC | DOUGLAS MARK | 08/17/2007 |
| 2007-M1-182179 | HUDSON KEYSE LLC | GAMBLE BRIAN D | 08/17/2007 |
| 2007-M1-179850 | HUDSON KEYSE LLC | SMERDKA PAWEL M | 08/10/2007 |
| 2007-M1-179854 | HUDSON KEYSE LLC | WARHURST LYNN A | 08/10/2007 |
| 2007-M1-179855 | HUDSON KEYSE LLC | ELEBY ROSIE L | 08/10/2007 |
| 2007-M1-179856 | HUDSON KEYSE LLC | LAMBERT TAMARA D G | 08/10/2007 |
| 2007-M1-179882 | HUDSON KEYSE LLC | CLOUD TERESA L | 08/10/2007 |
| 2007-M1-179968 | HUDSON KEYSE LLC | TORRES SANTIAGO L | 08/10/2007 |
| 2007-M1-179773 | HUDSON KEYSE LLC | ENGLISH DAVETTE M | 08/09/2007 |
| 2007-M1-179774 | HUDSON KEYSE LLC | JONES ROSEMARY W | 08/09/2007 |
| 2007-M1-179775 | HUDSON KEYSE LLC | GARDNER DIONE L | 08/09/2007 |
| 2007-M1-177696 | HUDSON KEYSE LLC | ESPINO ANGELINA | 08/03/2007 |
| 2007-M1-177697 | HUDSON KEYSE LLC | NWOSU ROBINSON I | 08/03/2007 |
| 2007-M3-002282 | HUDSON & KEYSE LLC | BRANDT CHERI L | 08/02/2007 |
| 2007-M1- | | | |

| 177031 | HUDSON KEYSE LLC | FULLER KEMI AKINTU | 08/02/2007 |
|---|---|---|---|
| 2007-M1-177032 | HUDSON KEYSE LLC | KOCHER CAROLINE M | 08/02/2007 |
| 2007-M1-177033 | HUDSON KEYSE LLC | MARTINEZ IGNACIO | 08/02/2007 |
| 2007-M1-177034 | HUDSON KEYSE LLC | DIETRICH JANET A | 08/02/2007 |
| 2007-M1-175664 | HUDSON KEYSE LLC | MISBAHUDDIN MOHAMM | 07/31/2007 |
| 2007-M1-174984 | HUDSON KEYSE LLC | RAZZAQ ZUBIAR A | 07/30/2007 |
| 2007-M1-174986 | HUDSON KEYSE LLC | FREDETTE JEAN J | 07/30/2007 |
| 2007-M1-174988 | HUDSON KEYSE LLC | CRUZ JUAN M TORRES | 07/30/2007 |
| 2007-M1-174989 | HUDSON KEYSE LLC | CORTES MARIA | 07/30/2007 |
| 2007-M1-174990 | HUDSON KEYSE LLC | NOTTER HARRY S | 07/30/2007 |
| 2007-M1-174991 | HUDSON KEYSE LLC | COLEMAN ERNESTINE | 07/30/2007 |
| 2007-M1-174992 | HUDSON KEYSE LLC | BRABOY JUANITA | 07/30/2007 |
| 2007-M1-174993 | HUDSON KEYSE LLC | CHESS MARY L THOMP | 07/30/2007 |
| 2007-M1-174994 | HUDSON KEYSE LLC | FLORES RICARDO | 07/30/2007 |
| 2007-M1-174995 | HUDSON KEYSE LLC | TURNER MICHAEL P | 07/30/2007 |
| 2007-M1-174996 | HUDSON KEYSE LLC | ALVAREZ RAUL | 07/30/2007 |
| 2007-M1-174997 | HUDSON KEYSE LLC | FAIR AARON L | 07/30/2007 |
| 2007-M1-174999 | HUDSON KEYSE LLC | MARTINEZ FRANCISCO | 07/30/2007 |
| 2007-M1-172801 | HUDSON KEYSE LLC | REYES CATHERINE A | 07/23/2007 |
| 2007-M1-172813 | HUDSON KEYSE LLC | VAITKUS JOHN M | 07/23/2007 |
| 2007-M1-172833 | HUDSON KEYSE LLC | WALKER VESTA P | 07/23/2007 |
| 2007-M1-166286 | HUDSON KEYSE LLC | MEDINA CARLOS | 07/02/2007 |

| | | | |
|---|---|---|---|
| 2007-M1-166287 | HUDSON KEYSE LLC | MCCLAURIN GEORGE H | 07/02/2007 |
| 2007-M1-166288 | HUDSON KEYSE LLC | CROWDER ANTHONY C | 07/02/2007 |
| 2007-M1-166301 | HUDSON KEYSE LLC | MCGINNIS MARK T | 07/02/2007 |
| 2007-M1-166302 | HUDSON KEYSE LLC | THOMAS AUNDREA D | 07/02/2007 |
| 2007-M1-163724 | HUDSON AND KEYSE | PAPPAS NIKKI P | 06/26/2007 |
| 2007-M1-163725 | HUDSON AND KEYSE | HOFACKER BRIAN J | 06/26/2007 |
| 2007-M1-163731 | HUDSON AND KEYSE | HOOD GLADYS L | 06/26/2007 |
| 2007-M1-163732 | HUDSON AND KEYSE | REYES ANDREA M | 06/26/2007 |
| 2007-M1-163733 | HUDSON AND KEYSE | HILL ANTHONY | 06/26/2007 |
| 2007-M1-163734 | HUDSON AND KEYSE | BUCKLEY DON | 06/26/2007 |
| 2007-M1-163747 | HUDSON KEYSE LLC | BANIQUED EDGARDO F | 06/26/2007 |
| 2007-M1-161872 | HUDSON KEYSE LLC | BLANNER DANIEL JR | 06/20/2007 |
| 2007-M1-161873 | HUDSON KEYSE LLC | JONES WILLIAM H | 06/20/2007 |
| 2007-M1-161874 | HUDSON KEYSE LLC | MARTINEZ MARCO A | 06/20/2007 |
| 2007-M1-161226 | HUDSON KEYSE LLC | CANSINO LORA RIGON | 06/19/2007 |
| 2007-M1-161227 | HUDSON KEYSE LLC | HAWTHORN ANITA MAN | 06/19/2007 |
| 2007-M1-161228 | HUDSON KEYSE LLC | POWELL SARAH P | 06/19/2007 |
| 2007-M1-161229 | HUDSON KEYSE LLC | MACK LINDA MCCLAIN | 06/19/2007 |
| 2007-M1-161230 | HUDSON KEYSE LLC | MOLINA JOANNE M | 06/19/2007 |
| 2007-M1-161231 | HUDSON KEYSE LLC | WARREN MICHAEL E | 06/19/2007 |
| 2007-M1-161232 | HUDSON KEYSE LLC | SKINNER ERNEST | 06/19/2007 |
| 2007-M1- | | | |

| 161233 | HUDSON KEYSE LLC | CURRY ANNIE V | 06/19/2007 |
|---|---|---|---|
| 2007-M1-161234 | HUDSON KEYSE LLC | HEDGLEY ALBERTA H | 06/19/2007 |
| 2007-M1-161235 | HUDSON KEYSE LLC | MALLOY CHRISTOPHER | 06/19/2007 |
| 2007-M1-161236 | HUDSON KEYSE LLC | PEREZ JOSE A | 06/19/2007 |
| 2007-M1-161237 | HUDSON KEYSE LLC | TSALAS JASMINE N | 06/19/2007 |
| 2007-M1-161238 | HUDSON KEYSE LLC | SCHANDER CYNTHIA A | 06/19/2007 |
| 2007-M1-157822 | HUDSON KEYSE LLC | DEFILIPPIS MICHAEL | 06/12/2007 |
| 2007-M1-157823 | HUDSON KEYSE LLC | RAMOS DAVID | 06/12/2007 |
| 2007-M1-157824 | HUDSON KEYSE LLC | QASEM ALI H | 06/12/2007 |
| 2007-M1-157825 | HUDSON KEYSE LLC | MORALES FIDEL GOME | 06/12/2007 |
| 2007-M1-157826 | HUDSON KEYSE LLC | LUCAS WALTER J | 06/12/2007 |
| 2007-M1-157827 | HUDSON KEYSE LLC | BRADFORD DWAYNE A | 06/12/2007 |
| 2007-M1-157828 | HUDSON KEYSE LLC | BRITTON JOYCE WILS | 06/12/2007 |
| 2007-M1-157829 | HUDSON KEYSE LLC | GUAJARDO JOHN J | 06/12/2007 |
| 2007-M1-157830 | HUDSON KEYSE LLC | RENDELL JENNIFER S | 06/12/2007 |
| 2007-M1-157831 | HUDSON KEYSE LLC | VILLASENOR FRANK J | 06/12/2007 |
| 2007-M1-157832 | HUDSON KEYSE LLC | GRALIK ROBERT V | 06/12/2007 |
| 2007-M1-157833 | HUDSON KEYSE LLC | TOPINKA REUBEN A | 06/12/2007 |
| 2007-M1-157834 | HUDSON KEYSE LLC | ROUPP ALBERT A | 06/12/2007 |
| 2007-M1-157836 | HUDSON KEYSE LLC | MORRIS PHILLIP | 06/12/2007 |
| 2007-M1-157837 | HUDSON KEYSE LLC | KEAS MICHAEL A | 06/12/2007 |
| 2007-M1-157838 | HUDSON KEYSE LLC | DEPIDEP DEBORAH S | 06/12/2007 |

| 2007-M1-157234 | HUDSON KEYSE LLC | MEDINA CARLOS NMI | 06/08/2007 |
|---|---|---|---|
| 2007-M1-157235 | HUDSON KEYSE LLC | OSTROWSKI DUFFEN J | 06/08/2007 |
| 2007-M1-157236 | HUDSON KEYSE LLC | DABROWSKI PETER SV | 06/08/2007 |
| 2007-M1-157237 | HUDSON KEYSE LLC | FLISS RICHARD J | 06/08/2007 |
| 2007-M1-155082 | HUDSON KEYSE LLC | MCKAY ANGEL D | 06/04/2007 |
| 2007-M1-151683 | HUDSON KEYSE LLC | OMALLEY SANDRA L | 05/24/2007 |
| 2007-M1-151684 | HUDSON KEYSE LLC | YAMAJI ARTHUR T SR | 05/24/2007 |
| 2007-M1-151685 | HUDSON KEYSE LLC | CASTILLO ARCADIO | 05/24/2007 |
| 2007-M1-151686 | HUDSON KEYSE LLC | SALGADO LUCIA | 05/24/2007 |
| 2007-M1-151687 | HUDSON KEYSE LLC | JACKSON DEDRIA R | 05/24/2007 |
| 2007-M1-151688 | HUDSON KEYSE LLC | ORTEGA LUCIANO | 05/24/2007 |
| 2007-M1-151690 | HUDSON KEYSE LLC | GNIADECKI PAUL M J | 05/24/2007 |
| 2007-M1-151691 | HUDSON KEYSE LLC | CASILLAS EVELIA | 05/24/2007 |
| 2007-M1-151692 | HUDSON KEYSE LLC | SHORTER LINDA | 05/24/2007 |
| 2007-M1-151876 | HUDSON KEYSE LLC | LABRECK AARON DAVI | 05/24/2007 |
| 2007-M1-151878 | HUDSON KEYSE LLC | FINLEY NATOCHEWA Y | 05/24/2007 |
| 2007-M1-151880 | HUDSON KEYSE LLC | KRAMER SCOTT B | 05/24/2007 |
| 2007-M1-151881 | HUDSON KEYSE LLC | BERNARD TOMMIE C | 05/24/2007 |
| 2007-M1-151883 | HUDSON KEYSE LLC | KENEBREW BRIAN L | 05/24/2007 |
| 2007-M1-151885 | HUDSON KEYSE LLC | LET RUDY | 05/24/2007 |
| 2007-M1-151887 | HUDSON KEYSE LLC | HAYES DAMEN C | 05/24/2007 |
| 2007-M1- | | | |

| 151889 | HUDSON KEYSE LLC | ANDRADE JAMES | 05/24/2007 |
|---|---|---|---|
| 2007-M1-151891 | HUDSON KEYSE LLC | RAINEY HERBERT | 05/24/2007 |
| 2007-M1-151892 | HUDSON KEYSE LLC | MARTIN EWAUN | 05/24/2007 |
| 2007-M1-151894 | HUDSON KEYSE LLC | SOLIS ERASMO | 05/24/2007 |
| 2007-M1-151896 | HUDSON KEYSE LLC | TODOROVIC RUZICA | 05/24/2007 |
| 2007-M1-148250 | HUDSON KEYSE LLC | SHORTER LINDA | 05/15/2007 |
| 2007-M1-148257 | HUDSON KEYSE LLC | GUSHINIERE GEORGE | 05/15/2007 |
| 2007-M1-148259 | HUDSON KEYSE LLC | VAUGHAN DAVID JAME | 05/15/2007 |
| 2007-M1-148260 | HUDSON KEYSE LLC | WARD KENYON S | 05/15/2007 |
| 2007-M1-147471 | HUDSON KEYSE LLC | RIVAS RAFAEL | 05/11/2007 |
| 2007-M1-147472 | HUDSON KEYSE | BROWN ARTRICE | 05/11/2007 |
| 2007-M1-147473 | HUDSON KEYSE LLC | KOERNER DALE J | 05/11/2007 |
| 2007-M1-147474 | HUDSON KEYSE LLC | VAZUL STEVE M | 05/11/2007 |
| 2007-M1-147612 | HUDSON KEYSE LLC | REHMAN ABDUL | 05/11/2007 |
| 2007-M1-147613 | HUDSON KEYSE LLC | NOWAK MICHAEL T | 05/11/2007 |
| 2007-M1-145873 | HUDSON KEYSE LLC | SINENI STEVEN L | 05/09/2007 |
| 2007-M1-146417 | HUDSON KEYSE LLC | GRALIK ROBERT V | 05/09/2007 |
| 2007-M1-146419 | HUDSON KEYSE LLC | MANGUN KASHANTI A | 05/09/2007 |
| 2007-M1-146420 | HUDSON KEYSE LLC | WALKER JACKIE J | 05/09/2007 |
| 2007-M1-146421 | HUDSON KEYSE LLC | DOUBEK RICHARD F | 05/09/2007 |
| 2007-M1-146422 | HUDSON KEYSE LLC | BROWN PAUL J | 05/09/2007 |
| 2007-M1-146423 | HUDSON KEYSE LLC | FISK JASON K | 05/09/2007 |

| 2007-M1-146425 | HUDSON KEYSE LLC | GIBSON MICHAEL | 05/09/2007 |
|---|---|---|---|
| 2007-M1-146426 | HUDSON KEYSE LLC | CEPHUS LAVELL | 05/09/2007 |
| 2007-M1-145495 | HUDSON KEYSE ASSGN | BANKS DAVID | 05/08/2007 |
| 2007-M1-137191 | HUDSON KEYSE LLC | STENSON HUBERT | 04/19/2007 |
| 2007-M1-137193 | HUDSON KEYSE | FAJARDO CUNEGUNDO | 04/19/2007 |
| 2007-M1-137195 | HUDSON KEYSE LLC | GLENN MARY | 04/19/2007 |
| 2007-M1-137196 | HUDSON KEYSE LLC | JORDAN DIANE | 04/19/2007 |
| 2007-M1-137197 | HUDSON KEYSE LLC | MURILLO OSACR G SR | 04/19/2007 |
| 2007-M1-137199 | HUDSON KEYSE LLC | BRADBERRY MARY | 04/19/2007 |
| 2007-M1-137200 | HUDSON KEYSE LLC | HATCHER CORNELIUS | 04/19/2007 |
| 2007-M1-137202 | HUDSON KEYSE LLC | LUCKEY DERRICK E | 04/19/2007 |
| 2007-M1-137203 | HUDSON KEYSE LLC | FREDERICKS CEDRIC | 04/19/2007 |
| 2007-M1-135955 | HUDSON KEYSE | WILSON FABIAN | 04/17/2007 |
| 2007-M1-135956 | HUDSON KEYSE | TRAUB GEORGE J | 04/17/2007 |
| 2007-M1-135957 | HUDSON KEYSE | WILLADA REYNALDO D | 04/17/2007 |
| 2007-M1-135958 | HUDSON KEYSE | MANUEL DAVID | 04/17/2007 |
| 2007-M1-135959 | HUDSON KEYSE | SKIPARIS GINTARAS | 04/17/2007 |
| 2007-M1-135960 | HUDSON KEYSE | COGBURN LLOYD JR | 04/17/2007 |
| 2007-M1-135961 | HUDSON KEYSE | MCKAY ANGEL D | 04/17/2007 |
| 2007-M1-135963 | HUDSON KEYSE | COATAR STEPHANIE D | 04/17/2007 |
| 2007-M1-135964 | HUDSON KEYSE | HEARON VELVEATA | 04/17/2007 |
| 2007-M1- | | | |

| 135965 | HUDSON KEYSE | JESSUP ANDREW | 04/17/2007 |
|---|---|---|---|
| 2007-M1-135966 | HUDSON KEYSE | HARVEY SHERYL K | 04/17/2007 |
| 2007-M1-135967 | HUDSON KEYSE LLC | IWAFUCHI SAM K | 04/17/2007 |
| 2007-M1-131944 | HUDSON KEYSE | MUHAMMAD HASAN K | 04/10/2007 |
| 2007-M1-131946 | HUDSON & KEYSE | COX TIMOTHY | 04/10/2007 |
| 2007-M1-127694 | HUDSON KEYSE LLC | ULRICH DAVE L | 04/02/2007 |
| 2007-M1-127695 | HUDSON KEYSE LLC | WOODS LUCILLE | 04/02/2007 |
| 2007-M1-127696 | HUDSON KEYSE LLC | PHILLPS JAMES E | 04/02/2007 |
| 2007-M1-127697 | HUDSON KEYSE LLC | RENDON JOSE A | 04/02/2007 |
| 2007-M1-127698 | HUDSON KEYSE LLC | BYNUM DAISY M | 04/02/2007 |
| 2007-M1-127699 | HUDSON KEYSE LLC | HORACE EMMA M SHEL | 04/02/2007 |
| 2007-M1-127700 | HUDSON KEYSE LLC | BLANCHE MARIE | 04/02/2007 |
| 2007-M1-127701 | HUDSON KEYSE LLC | STAUFFER JOHN D | 04/02/2007 |
| 2007-M1-127702 | HUDSON KEYSE LLC | FOSHINBAUR KATHY J | 04/02/2007 |
| 2007-M1-125768 | HUDSON KEYSE LLC | WOLFE TONY LEE | 03/28/2007 |
| 2007-M1-125770 | HUDSON KEYSE LLC | RICHEY ROBIN KIMBE | 03/28/2007 |
| 2007-M1-122631 | HUDSON KEYSE LLC | MADISON TAOMI | 03/20/2007 |
| 2006-M1-199368 | HUDSON KEYSE | WILTZ SHARON | 12/19/2006 |
| 2006-M1-195180 | HUDSON KEYSE LLC | MCGEE KAY J FRAZIE | 12/05/2006 |
| 2006-M1-195181 | HUDSON KEYSE LLC | COLE MICHAEL H JR | 12/05/2006 |
| 2006-M1-195182 | HUDSON KEYSE LLC | MADEJ SEBASTIAN D | 12/05/2006 |
| 2006-M1-195183 | HUDSON KEYSE LLC | WEEKS COURTIS LEE | 12/05/2006 |

| 2006-M1-195184 | HUDSON KEYSE LLC | INACAY TONY Z JR | 12/05/2006 |
|---|---|---|---|
| 2006-M1-195185 | HUDSON KEYSE LLC | GRIFFIN OSCAR F | 12/05/2006 |
| 2006-M1-195186 | HUDSON KEYSE LLC | COOK THEODIS L | 12/05/2006 |
| 2006-M1-195187 | HUDSON KEYSE LLC | EVANS JOHN EDWIN | 12/05/2006 |
| 2006-M1-195188 | HUDSON KEYSE LLC | YOUNG MARY | 12/05/2006 |
| 2006-M1-195189 | HUDSON KEYSE LLC | BROWN LYNNE S | 12/05/2006 |
| 2006-M1-195190 | HUDSON KEYSE LLC | SMITH JAMES | 12/05/2006 |
| 2006-M1-195191 | HUDSON KEYSE LLC | AYALA JUAN F | 12/05/2006 |
| 2006-M1-194699 | HUDSON KEYSE LLC | REYNA RENE KR | 12/04/2006 |
| 2006-M1-190662 | HUDSON KEYSE LLC | GARCIA RAMON JR | 11/17/2006 |
| 2006-M1-190664 | HUDSON KEYSE LLC | GARCIA ENRIQUE | 11/17/2006 |
| 2006-M1-190666 | HUDSON KEYSE | JOKICH VELJKO | 11/17/2006 |
| 2006-M1-190667 | HUDSON KEYSE LLC | GOODWIN THOMAS D | 11/17/2006 |
| 2006-M1-190668 | HUDSON KEYSE LLC | COX JOEL R | 11/17/2006 |
| 2006-M1-190669 | HUDSON KEYSE LLC | HUNT CIST CURTIS W | 11/17/2006 |
| 2006-M1-190670 | HUDSON KEYSE LLC | GALLEGOS JORGE A | 11/17/2006 |
| 2006-M1-180756 | HUDSON KEYSE LLC | ZIGILA MICHAEL DAV | 10/18/2006 |
| 2006-M1-176929 | HUDSON KEYSE LLC | JOHNSON YOLANDA E | 10/02/2006 |
| 2006-M1-168437 | HUDSON KEYSE LLC | BENNE JOSEPH P JR | 09/03/2006 |
| 2006-M1-168439 | HUDSON KEYSE LLC | RAZA REHAN | 09/03/2006 |
| 2006-M1-168441 | HUDSON KEYSE LLC | FOSTER BENAYE | 09/03/2006 |
| 2006-M1- | | | |

| 168443 | HUDSON KEYSE LLC | VILLALVASO JOSE Q | 09/03/2006 |
|---|---|---|---|
| 2006-M1-153029 | HUDSON KEYSE LLC | CUEVAS AMPARO | 07/14/2006 |
| 2006-M1-145976 | HUDSON KEYSE L L C | LIGMAL JEFFREY J | 06/21/2006 |
| 2006-M1-145977 | HUDSON KEYSE LLC | PERALTA AURA SORIA | 06/21/2006 |
| 2006-M1-145978 | HUDSON KEYSE LLC | ZITZMANN DAVID GRA | 06/21/2006 |
| 2006-M1-145979 | HUDSON KEYSE LLC | FLORES THOMAS A | 06/21/2006 |
| 2006-M1-145980 | HUDSON KEYSE LLC | NORRIS MYLTHEREE W | 06/21/2006 |
| 2006-M1-145981 | HUDSON KEYSE LLC | MCCLINTON MARCELL | 06/21/2006 |
| 2006-M1-145982 | HUDSON KEYSE LLC | MORRIS HELENE C | 06/21/2006 |
| 2006-M1-145983 | HUDSON KEYSE LLC | MARTIN BRYANT F | 06/21/2006 |
| 2006-M1-145984 | HUDSON KEYSE LLC | MITCHELL JAMEL J | 06/21/2006 |
| 2006-M1-145986 | HUDSON KEYSE LLC | BARREDA LUSI A | 06/21/2006 |
| 2006-M1-145987 | HUDSON KEYSE LLC | BOWMAN JUNE C | 06/21/2006 |
| 2006-M1-145988 | HUDSON KEYSE LLC | SMITH JOE R | 06/21/2006 |
| 2006-M1-145989 | HUDSON KEYSE LLC | FERNANDEZ LORENZO | 06/21/2006 |
| 2006-M1-120060 | HUDSON KEYSE LLC | SMITH DARICE M | 03/22/2006 |
| 2006-M1-102552 | HUDSON KEYSE LLC | BELL ALBERT J | 01/18/2006 |
| 2006-M1-102556 | HUDSON KEYSE LLC | PROSTKO CYNTHIA M | 01/18/2006 |
| 2005-M1-189381 | HUDSON KEYSE LLC | CHARET LAWRENCE S | 12/22/2005 |
| 2005-M3-003477 | HUDSON & KEYSE,LLC | HUSSAIN M. SADATH | 11/23/2005 |
| 2005-M1-177109 | HUDSON KEYSE LLC | BROWN CAROL L | 11/03/2005 |
| 2005-M1-174616 | HUDSON KEYSE LLC | MUNOZ FERNANDO | 10/22/2005 |

| 2005-M1-171337 | HUDSON KEYSE LLC | CLIFTON GEORGE JR | 10/11/2005 |
|---|---|---|---|
| 2005-M1-168038 | HUDSON KEYSE LLC | DAVIS ROBERT H | 09/27/2005 |
| 2005-M1-168441 | HUDSON KEYSE LLC | TILLESEN TIMOTHY J | 09/27/2005 |
| 2005-M1-167771 | HUDSON KEYSE LLC | REYES ISAURO R | 09/26/2005 |
| 2005-M1-167772 | HUDSON KEYSE LLC | NESBITT DAVID K | 09/26/2005 |
| 2005-M1-167773 | HUDSON KEYSE LLC | BORST DAVID M | 09/26/2005 |
| 2005-M1-166567 | HUDSON KEYSE INC | RYBOLT KIMBEERLY M | 09/22/2005 |
| 2005-M1-164957 | HUDSON KEYSE LLC | AGAUILAR CESAR AUG | 09/19/2005 |
| 2005-M1-164959 | HUDSON KEYSE LLC | COOLEY PAMELA KNOX | 09/19/2005 |
| 2005-M1-163804 | HUDSON KEYSE LLC | JONES LARRY O | 09/16/2005 |
| 2005-M1-163805 | HUDSON KEYSE LLC | DENNIGER THOMAS M | 09/16/2005 |
| 2005-M1-161906 | HUDSON KEYSE LLC | STAGIEJ THADDEUS R | 09/08/2005 |
| 2005-M1-155268 | HUDSON KEYSE LLC | ZULEWSKI ANDRZEJ | 08/13/2005 |
| 2005-M1-154082 | HUDSON KEYSE LLC | JOHNSTON JAY M J R | 08/09/2005 |
| 2005-M1-148830 | HUDSON KEYSE LLC | HYLTON DEAN L | 07/18/2005 |
| 2005-M1-146994 | HUDSON KEYSE LLC | JOHNSON JOYCE S | 07/11/2005 |
| 2005-M1-146995 | HUDSON KEYSE LLC | SIMMONS MICHAEL Q | 07/11/2005 |
| 2005-M1-135456 | HUDSON KEYSE LLC | SMITH FLOYD R SR | 05/24/2005 |
| 2005-M1-135463 | HUDSON KEYSE LLC | DAVIS ANTHONY C | 05/24/2005 |
| 2005-M1-126813 | HUDSON & KEYSE | HUDSON TINA | 04/22/2005 |
| 2005-M1-120183 | HUDSON KEYSE LLC | WALSH WILLIAM STAN | 03/29/2005 |
| 2005-M1- | | | |

| 117970 | HUDSON KEYSE LLC | JOINTER ALPHONSO | 03/22/2005 |
|---|---|---|---|
| 2005-M1-117974 | HUDSON KEYSE LLC | WALSH WILLIAM STAN | 03/22/2005 |
| 2005-M1-116691 | HUDSON KEYSE LLC | BOLANOS SERGIO | 03/16/2005 |
| 2005-M1-116694 | HUDSON KEYSE LLC | CAUDILL JOSHUA E | 03/16/2005 |
| 2005-M1-116745 | HUDSON KEYSE LLC | STEWARD RANDY | 03/16/2005 |
| 2005-M1-115369 | HUDSON KEYSE LLC | ABEDELAL BARAKAT | 03/14/2005 |
| 2005-M1-115381 | HUDSON KEYSE LLC | MARTINEZ MONTE M | 03/14/2005 |
| 2005-M1-112202 | HUDSON KEYSE LLC | LORENZ LULA WATSON | 03/01/2005 |
| 2005-M1-112204 | HUDSON KEYSE LLC | OCHOA MARGARET MAR | 03/01/2005 |
| 2005-M1-112205 | HUDSON & KEYSE | ZOLINE JAY S | 03/01/2005 |
| 2005-M1-112206 | HUDSON KEYSE LLC | DRESSEN SUZANNE E | 03/01/2005 |
| 2005-M1-112207 | HUDSON KEYSE LLC | DOMINICK MICHAEL A | 03/01/2005 |
| 2005-M1-112209 | HUDSON KEYSE LLC | SLIMI RACHID | 03/01/2005 |
| 2005-M1-110605 | HUDSON KEYSE LLC | IRINEO ALDI | 02/23/2005 |
| 2005-M1-110607 | HUDSON KEYSE LLC | CULBERTSON KAREN M | 02/23/2005 |
| 2005-M1-110608 | HUDSON KEYSE LLC | CHISM WILLEI | 02/23/2005 |
| 2005-M1-110609 | HUDSON KEYSE LLC | BERRY STACEY D | 02/23/2005 |
| 2005-M1-109220 | HUDSON KEYSE LLC | SUPPLE GERARD P | 02/15/2005 |
| 2005-M1-106215 | HUDSON KEYSE LLC | JOHNSON LENORA | 01/31/2005 |
| 2005-M1-106218 | HUDSON KEYSE LLC | GRIMES GEORGE A JR | 01/31/2005 |
| 2005-M1-106219 | HUDSON KEYSE LLC | RIZAL ROSULU S | 01/31/2005 |
| 2005-M1-106223 | HUDSON KEYSE LLC | JOLLA RONALD A | 01/31/2005 |

| 2005-M1-106225 | HUDSON KEYSE LLC | ARMSTRONG TERRI L | 01/31/2005 |
|---|---|---|---|
| 2004-M1-184029 | HUDSON KEYSE LLC | WILBURN HELEN W ST | 12/13/2004 |
| 2004-M1-182679 | HUDSON KEYSE LLC | CHATMAN JAMES JR | 12/07/2004 |
| 2004-M1-182682 | HUDSON KEYSE LLC | HORECK DANIEL J | 12/07/2004 |
| 2004-M1-182685 | HUDSON KEYSE LLC | ALBER MARTHA JEAN | 12/07/2004 |
| 2004-M1-182688 | HUDSON KEYSE LLC | DELGADO DELFIN L | 12/07/2004 |
| 2004-M1-182689 | HUDSON KEYSE LLC | WOODALL CARL F | 12/07/2004 |
| 2004-M1-182690 | HUDSON KEYSE LLC | DOSON FLORA M | 12/07/2004 |
| 2004-M1-182691 | HUDSON KEYSE LLC | MCNALLY BETTY W | 12/07/2004 |
| 2004-M1-182693 | HUDSON KEYSE LLC | HENNINGS THEODORE | 12/07/2004 |
| 2004-M1-182694 | HUDSON KEYSE LLC | LEMON RALPH I | 12/07/2004 |
| 2004-M1-182695 | HUDSON KEYSE LLC | TAYLOR DEBRA A | 12/07/2004 |
| 2004-M1-182696 | HUDSON KEYSE LLC | ORTIZ JOSE W | 12/07/2004 |
| 2004-M1-182698 | HUDSON KEYSE LLC | GUNDERSON JAMIE R | 12/07/2004 |
| 2004-M1-182699 | HUDSON KEYSE LLC | IRVING SHAVONNA L | 12/07/2004 |
| 2004-M1-182701 | HUDSON KEYSE LLC | HAND ELIZABETH A | 12/07/2004 |
| 2004-M1-168950 | HUDSON KEYSE LLC | PRICE MATTIE M | 10/19/2004 |
| 2004-M1-168955 | HUDSON KEYSE LLC | CHIU TZUUY CHYANG | 10/19/2004 |
| 2004-M1-168956 | HUDSON KEYSE LLC | SMELLEY FREDDIE J | 10/19/2004 |
| 2004-M1-168990 | HUDSON KEYSE LLC | LARA ARELY S | 10/19/2004 |
| 2004-M1-168992 | HUDSON KEYSE LLC | VANDERGRIEND KIM L | 10/19/2004 |
| 2004-M1- | | | |

| 168994 | HUDSON KEYSE LLC | DANIEL JAMES W | 10/19/2004 |
|---|---|---|---|
| 2004-M1-165747 | HUDSON KEYSE LLC | HERMILLIO CRUZ MON | 10/06/2004 |
| 2004-M1-160804 | HUDSON KEYSE LLC | MAJCHER JAMES R | 09/16/2004 |
| 2004-M1-160805 | HUDSON KEYSE LLC | LOPEZ FRANK C | 09/16/2004 |
| 2004-M1-160806 | HUDSON KEYSE LLC | SCHIPPER ROGER D | 09/16/2004 |
| 2004-M1-160807 | HUDSON KEYSE LLC | ALLEN CLARENCE O | 09/16/2004 |
| 2004-M1-160808 | HUDSON KEYSE LLC | ELDRIDGE CATHEY B | 09/16/2004 |
| 2004-M1-160810 | HUDSON KEYSE LLC | MOORE EDWARD R | 09/16/2004 |
| 2004-M1-160811 | HUDSON KEYSE LLC | DOBROWSLSKI CZESLA | 09/16/2004 |
| 2004-M3-002701 | HUDSON & KEYSE | VASILE DANIEL | 08/27/2004 |
| 2004-M1-132683 | HUDSON KEYSE LLC | LILIGREN RUTH A | 05/26/2004 |
| 2004-M1-130545 | HUDSON KEYSE INC | AKAPO AKINTUDE A | 05/18/2004 |
| 2004-M3-001530 | HUDSON & KEYSE | KAPLAN LESTER J | 05/13/2004 |
| 2004-M1-124678 | HUDSON KEYSE LLC | HINSON DANA LYNN | 04/23/2004 |
| 2004-M1-124679 | HUDSON KEYSE LLC | TAYLOR CHARLES Q | 04/23/2004 |
| 2004-M1-124717 | HUDSON KEYSE LLC | GILBERT IRIS C | 04/23/2004 |
| 2004-M1-124495 | HUDSON KEYSE LLC | BETINIS JOHN N | 04/21/2004 |
| 2004-M1-110016 | HUDSON KEYSE INC | BOOTH MAXINE | 02/19/2004 |
| 2004-M1-103211 | HUDSON KEYSE INC | AYALA JOHN T | 01/20/2004 |
| 2003-M1-180638 | HUDSON KEYSE INC | ROGERS ALVIN D | 12/15/2003 |
| 2003-M1-180243 | HUDSON KEYSE INC | CHASE MARCIA C | 12/11/2003 |
| 2003-M1-169503 | HUDSON KEYSE INC | ALEXANDER GREG T | 10/24/2003 |

| 2003-M1-162965 | HUDSON & KEYSE INC | MALONE DENNIS A | 09/30/2003 |
| --- | --- | --- | --- |
| 2003-M1-162591 | HUDSON & KEYSE INC | DENES RICHARD J | 09/29/2003 |
| 2003-M1-162595 | HUDSON & KEYSE | MASON PEARLIE A | 09/29/2003 |
| 2003-M1-128321 | HUDSON KEYSE INC | AUSTIN DORIS J PAR | 05/02/2003 |
| 2003-M1-126362 | HUDSON KEYSE INC | BAKER VIRD E | 04/24/2003 |
| 2003-M1-122212 | HUDSON & KEYSE INC | DUK S. CHOI | 04/07/2003 |
| 2003-M1-120077 | HUDSON KEYSE INC | AURIENCE PATRICK J | 03/28/2003 |
| 2003-M1-118324 | HUDSON KEYSE INC | GARCIA CHRISTINE A | 03/21/2003 |
| 2003-M1-116533 | HUDSON & KEYSE INC | FRANCO FAUSTINO ME | 03/17/2003 |
| 2003-M1-115861 | HUDSON & KEYSE INC | GALLOWAY ANTOINETT | 03/14/2003 |
| 2003-M1-115862 | HUDSON & KEYSE INC | GENTIL JESUS T | 03/14/2003 |
| 2003-M1-115865 | HUDSON & KEYSE INC | KUHN THOMAS J JR | 03/14/2003 |
| 2003-M1-116137 | HUDSON KEYSE INC | PEREZ MARIA | 03/14/2003 |
| 2003-M1-114932 | HUDSON & KEYSE INC | TAYLOR LOREA | 03/11/2003 |
| 2003-M1-114198 | HUDSON KEYSE INC | RYBOLT KIMBERLY M | 03/07/2003 |
| 2003-M1-112982 | HUDSON KEYSE INC | GUERRERO MIGUEL A | 02/28/2003 |
| 2003-M1-112988 | HUDSON KEYSE INC | STRACHAN BEVELY N | 02/28/2003 |
| 2003-M1-103497 | HUDSON KEYSE INC | ANDERSON LEVERTY | 01/17/2003 |
| 2003-M1-103230 | HUDSON KEYSE INC | CAMPBELL BERNELL A | 01/15/2003 |
| 2003-M1-100039 | HUDSON KEYSE INC | ANTWINE RONALD G | 01/02/2003 |
| 2000-M1-122696 | HUDSON & KEYSE INC | LEVERENZ ANDREW G | 05/12/2000 |
| 2000-M1- | | | |

| 122697 | HUDSON & KEYSE INC | DURAN GWENDOLYN | 05/12/2000 |

Return to Search Page

# APPENDIX B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY ASPAN, SR., | ) | |
| individually and on behalf of the | ) | 08-cv-2826 |
| class defined herein, | ) | |
| | ) | Judge Hart |
| Plaintiff, | ) | Magistrate Judge Denlow |
| | ) | |
| vs. | ) | |
| | ) | |
| HUDSON & KEYSE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

1.      Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 9 associates.

2.      **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School.  From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases).  In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982.  From the end of 1985 he has been in private practice in downtown Chicago.  Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions.  He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Payday Loans:  Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection:  The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing:  Problems and Solutions, 7 Loy.Consumer L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of Applicability of Illinois Consumer

1

Fraud Act in Favor of Out-of-State Consumers, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of Illinois Consumer Law (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

3.    **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991. Decisions in which she was involved prior to joining the firm include: Johnson v. Heckler, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); Sanders v. Shephard, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); Maller v. Cohen, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); Wright v. Department of Labor, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); Barron v. Ward, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); City of Chicago v. Leviton, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); Jude v. Morrissey, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983). She is a member of the Northern District of Illinois trial bar.

4.    **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy.Consumer L.Rep. 64 (1990), and Illinois Consumer Law (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30 appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.      **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991).  She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.**  Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.IL 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803  (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL);  Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996).  She is a member of the Northern District of Illinois trial bar.

6.      **Michelle R. Teggelaar**  is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997).  **Reported Cases:**  Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D. Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572  (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D. Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

7.      **Associates**

a.      **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** Johnson v. Thomas, 342 Ill. App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); Jolly v. Shapiro & Kreisman, 237 F. Supp. 2d 888 (N.D. Ill.

2002); Parker v. 1-800 Bar None, a Financial Corp., Inc. 2002 WL 215530 (N.D. Ill. 2002); Jiang v. Allstate Ins. Co. (199 F.R.D. 267); Hill v. AMOCO Oil Co. 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003)**;** Roquet v. Arthur Anderson LLP 2002 WL 1900768 (N.D. Ill. 2002); White v. Financial Credit, Corp. 2001 WL 1665386 (N.D. Ill.); Ransom v. Gurnee Volkswagen 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); Doxie v. Impac Funding Corp. 2002 WL 31045387 (N.D. Ill. 2002); Levin v. Kluever & Platt LLC 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); Pleasant v. Risk Management Alternatives 2003 WL 22175390 (N.D. Ill. 2003); Jenkins v. Mercantile Mortgage 231 F. Supp. 2d 737 (N.D. Ill. 2002); Hobson v. Lincoln Ins. Agency, Inc. 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), Anderson v. Lincoln Ins. Agency 2003 WL 291928, Hobson v. Lincoln Ins. Agency 2003 WL 338161 (N.D. Ill. 2003); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7th Cir. 2006). He is a member of the Northern District of Illinois trial bar.

   **b.**    **Julie Clark** (neé Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank 219 F. Supp.2d 935 (N.D. Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens 2002 WL 31369747 (N.D.I ll.,2002), 2003 WL 22359626 (N.D. Ill. 2003); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 2007 U.S. Dist. LEXIS 84425 (N.D. Ill. Nov. 14, 2007); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., No. 1-07-0684, 2007 Ill. App. LEXIS 1194 (Ill. App. 1st Dist. Nov. 13, 2007).

   **c.**    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 2006 U.S. Dist. LEXIS 80718 (S.D. Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2006 U.S. Dist. LEXIS 84035 (N.D. Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. Sept. 26, 2007).

   **d.**    **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D. Ill. 2006); Iosello v. Leiblys, Inc., 502 F. Supp.2d 782 (N.D. Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F. Supp.2d 776 (N.D. Ill. 2007).

   **e.**    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** Pietras v. Sentry Ins. Co., 513 F. Supp.2d 983 (N.D. Ill. 2007); Hernandez v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Sept. 25, 2007); Balogun v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. Oct. 5, 2007).

   **f.**    **Tiffany N. Hardy** (admitted NY, DC, IL) is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001).

   **g.**  **Zachary Jacobs** is a graduate of the University of South Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

   **h.**  **Rupali Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois College of Law (J.D. 2007).

   **i.**  **Michael J. Aschenbrener** is a graduate of the University of Minnesota (B.A. 2001) and the Chicago-Kent College of Law, Illinois Institute of Technology (J.D. May 2007).

   **8.**  The firm also has 15 legal assistants, as well as other support staff.

   **9.**  Since its inception, the firm has recovered more than $500 million for consumers.

   **10.**  The types of cases handled by the firm are illustrated by the following:

   **11.**  **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001);  Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); Robinson v. Empire of America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

   **12.**  The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

   **13.**  The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

14. **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065, (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

15. **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

a.       Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

b.       Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

c.       Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

d.       Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

e.       Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

f.       Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

16.       These cases also had a substantial effect on industry practices. The

warranty cases, such as <u>Grimaldi</u>, <u>Gibson</u>, <u>Slawson</u>, <u>Cirone-Shadow</u>, <u>Chandler</u>, and <u>Shields</u>, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

**17.    Predatory lending practices:**  The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572 (Ind. Sup. Ct. 2001);  <u>Williams v. Chartwell Fin. Servs.</u>, 204 F.3d 748 (7th Cir. 2000); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u>, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); <u>Gilkey v. Central Clearing Co.</u>, 202 F.R.D. 515 (E.D.Mich. 2001);  <u>Van Jackson v. Check 'N Go of Ill., Inc.</u>, 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp.2d 1085 (N.D.Ill. 2000); <u>Henry v. Cash Today, Inc.</u>, 199 F.R.D. 566 (S.D.Tex.  2000); <u>Donnelly v. Illini Cash Advance, Inc.</u>, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); <u>Jones v. Kunin</u>, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); <u>Davis v. Cash for Payday</u>, 193 F.R.D. 518 (N.D.Ill. 2000); <u>Reese v. Hammer Fin. Corp.</u>, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677  (N.D.Ill., Nov. 29, 1999); <u>Pinkett v. Moolah Loan Co.</u>, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); <u>Gutierrez v. Devon Fin. Servs.</u>, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); <u>Vance v. National Benefit Ass'n</u>, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

**18.    Other consumer credit issues:**  The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

**a.**    Phony nonfiling insurance.  <u>Edwards v. Your Credit Inc.</u>, 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); <u>Adams v. Plaza Finance Co.</u>, 1999 U.S. App. LEXIS 1052 (7th Cir.,  January 27, 1999); <u>Johnson v. Aronson Furniture Co.</u>, 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

**b.**    The McCarran Ferguson Act exemption.  <u>Autry v. Northwest Premium Services, Inc.</u>, 144 F.3d 1037, 1998 U.S. App. LEXIS 9564  (7th Cir. 1998).

**c.**    Loan flipping.  <u>Emery v. American General</u>, 71 F.3d 1343 (7th Cir. 1995).  <u>Emery</u> limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

**d.**    Home improvement financing practices.  <u>Fidelity Financial Services, Inc. v. Hicks</u>, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; <u>Heastie v. Community Bank of Greater Peoria</u>,  690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).  <u>Heastie</u> granted

certification of a class of over 6,000 in a home improvement fraud case.

         **e.**    Arbitration clauses. <u>Wrightson v. ITT Financial Services</u>, 617 So.2d 334 (Fla. 1st DCA 1993).

         **f.**    Insurance packing. <u>Elliott v. ITT Corp.</u>, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

      **19.**    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include <u>Lundquist v. Security Pacific Automotive Financial Services Corp.</u>, Civ. No. 5:91-754 (TGFD) (D.Conn.), <u>aff'd</u>, 993 F.2d 11 (2d Cir. 1993); <u>Kedziora v. Citicorp Nat'l Services, Inc.</u>, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); <u>Johnson v. Steven Sims Subaru and Subaru Leasing</u>, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); <u>McCarthy v. PNC Credit Corp.</u>, 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); <u>Kinsella v. Midland Credit Mgmt., Inc.</u>, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); <u>Highsmith v. Chrysler Credit Corp.</u>, 18 F.3d 434 (7th Cir. 1994); <u>Black v. Mitsubishi Motors Credit of America, Inc.</u>, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); <u>Simon v. World Omni Leasing Inc.</u>, 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include <u>Shepherd v. Volvo Finance North America, Inc.</u>, 1-93-CV-971 (N.D.Ga.)($8 million benefit); <u>McCarthy v. PNC Credit Corp.</u>, 291 CV 00854 PCD (D.Conn.); <u>Lynch Leasing Co. v. Moore</u>, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); <u>Blank v. Nissan Motor Acceptance Corp.</u>, 91 L 8516 (Circuit Court of Cook County, Illinois); <u>Mortimer v. Toyota Motor Credit Co.</u>, 91 L 18043 (Circuit Court of Cook County, Illinois); <u>Duffy v. Security Pacific Automotive Financial Services, Inc.</u>, 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

      **20.**    <u>Lundquist</u> and <u>Highsmith</u> are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the <u>Lundquist</u> case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

      **21.**    **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: <u>Jenkins v. Heintz</u>, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); <u>Johnson v. Revenue Management Corp.</u>, 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); <u>Keele v. Wexler & Wexler</u>, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); <u>Maguire v. Citicorp Retail Services, Inc.</u>, 147

F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); <u>Young v. Citicorp Retail Services, Inc.</u>, 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); <u>Charles v. Lundgren & Assocs., P.C.</u>, 119 F.3d 739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222 (7th Cir. 1996), aff'g <u>Avila v. Van Ru Credit Corp.</u>, 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); <u>Tolentino v. Friedman</u>, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); <u>Blakemore v. Pekay</u>, 895 F.Supp.972 (N.D.Ill. 1995); <u>Oglesby v. Rotche</u>, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), <u>later opinion</u>, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); <u>Laws v. Cheslock</u>, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);<u>Davis v. Commercial Check Control, Inc.</u>, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); <u>Hoffman v. Partners in Collections, Inc.</u>, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); <u>Vaughn v. CSC Credit Services, Inc.</u>, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); <u>Beasley v. Blatt</u>, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); <u>Taylor v. Fink</u>, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); <u>Gordon v. Fink</u>, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); <u>Brujis v. Shaw</u>, 876 F.Supp. 198 (N.D.Ill. 1995). Settlements in such cases include <u>Boddie v. Meyer</u>, 93 C 2975 (N.D.Ill.); and <u>Cramer v. First of America Bank Corporation</u>, 93 C 3189 (N.D.Ill.).

22.    <u>Jenkins v. Heintz</u> is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act.  I argued it before the Supreme Court and Seventh Circuit.  <u>Avila v. Rubin</u> is a leading decision on phony "attorney letters."

23.    **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions.  One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.   Important decisions in this area include: <u>Cole v. U.S. Capital, Inc.</u>, 389 F.3d 719 (7th Cir. 2004), <u>Murray v. GMAC Mortgage Corp.</u>, 434 F.3d 948 (7th Cir. 2006); <u>Perry v. First National Bank</u>, 459 F.3d 816 (7th Cir. 2006); <u>Murray v. Sunrise Chevrolet, Inc.</u>, 441 F. Supp.2d 940 (N.D. Ill. 2006); <u>Murray v. GMAC Mortgage Corp.</u>, 05 C 1229, _____ F.Supp.2d _____, 2007 U.S. Dist. LEXIS 26726 (N.D.Ill. April 10, 2007); <u>Shellman v. Countrywide Home Loans, Inc.</u>, 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind., April 12, 2007); <u>In re Ocean Bank</u>, 06  C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion,  2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); <u>Asbury v. People's Choice Home Loan, Inc.</u>, 05 C 5483, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); <u>Claffey v. River Oaks Hyundai, Inc.</u>, 238 F.R.D. 464 (N.D.Ill. 2006); <u>Murray v. IndyMac Bank, FSB</u>, 461 F.Supp.2d 645 (N.D.Ill. 2006); <u>Kudlicki v. Capital One Auto Finance, Inc.</u>, 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); <u>Thomas v. Capital One Auto Finance, Inc.</u>, 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); <u>Pavone v. Aegis Lending Corp.</u>, 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); <u>Murray v. E*Trade Financial Corp.</u>, 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); <u>Bonner v. Home 123 Corp.</u>, 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); <u>Murray v. Sunrise Chevrolet , Inc.</u>, 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and <u>Murray v. Finance America, LLC</u>, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006).  More

9

than 15 such cases have been settled on a classwide basis.

24.    **Class action procedure:**  Important decisions include <u>Crawford v. Equifax Payment Services, Inc.</u>, 201 F.3d 877 (7th Cir. 2000); <u>Blair v. Equifax Check Services, Inc.</u>, 181 F.3d 832 (7th Cir. 1999); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (7th Cir. 1997); and <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

25.    **Landlord-tenant:** The firm has brought a number of class actions against landlords for various matters including failing to pay interest on security deposits or commingling security deposits, breach of the warranty of habitability, improper late charges, and various violations of the CRLTO. Reported decisions include: <u>Wang v. Williams,</u>343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); <u>Onni v. Apartment Management and Investment Co.</u>, 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2d Dist. 2003) (case challenging improper late charges, which later settled on a class basis for $200,000); <u>Dickson v. West Koke Mill Village P'Ship</u>, 329 Ill.App.3d 341 (4th Dist. 2002).  Illustrative cases include: <u>Hale v. East Lake Management & Developmental Corp., et al.</u>, 00 CH 16139, in the Cook County Circuit Court, Judge Madden granted class certification for tenants who had not been paid their security deposit interest after the end of each twelve month rental period.  The East Lake case later settled on a classwide basis for over $400,000.

26.    Some of the other reported decisions in our cases include:  <u>Elder v. Coronet Ins. Co.</u>, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); <u>Smith v. Keycorp Mtge., Inc.</u>, 151 Bankr. 870 (N.D.Ill. 1992); <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); <u>Armstrong v. Edelson</u>, 718 F.Supp. 1372 (N.D.Ill. 1989); <u>Newman v. 1st 1440 Investment, Inc.</u>, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); <u>Mountain States Tel. & Tel. Co. v. District Court</u>, 778 P.2d 667 (Colo. 1989); <u>Disher v. Fulgoni</u>, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); <u>Harman v. Lyphomed, Inc.</u>, 122 F.R.D. 522 (N.D.Ill. 1988); <u>Haslam v. Lefta, Inc.</u>, 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); <u>Source One Mortgage Services Corp. v. Jones</u>, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

27.    Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action.  <u>Elder v. Coronet Insurance</u> held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.


　　　　　　　　　　s/ Daniel A. Edelman
　　　　　　　　　　Daniel A. Edelman


10

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\430\pleading\MODEL Declaration of DAE w_o p 28-35_pleading.WPD